Gregg P. Tabakin, Esq.
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
Telephone: (973)538-4700
Facsimile: (973)397-2976
*Attorney for Frank Nalepka, S.N. and A.N.*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>Plaintiff-Applicant<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC.<br><br>DEFENDANT | ADV. PROC NO. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IN RE: BERNARD L. MADOFF,<br><br>DEBTOR. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>Plaintiff,<br><br>v.<br><br>COHEN POOLED ASSET ACCOUNT, 61 ASSOCIATES, LLC, AMY S. COHEN, LEON MEYERS, LEON MEYERS TRUST, HAROLD COHEN LIVING TRUST, DAVID ZAHNER, ELI GARBER FUND, | ADV. PROC NO. 10-04371 (BRL)<br><br>**ANSWER OF FRANK NALEPKA, S.N. AND A.N.** |

| |
|---|
| ELSA COHEN LIVING TRUST, |
| H&E COHEN FOUNDATION, |
| S.Z., |
| P.Z., |
| B.Z., |
| FRANK NALEPKA, |
| S.N., |
| A.N., |
| JANET MEERBOTT, |
| KENNETH SADINOFF, |
| WILLIAM MEYERS, |
| CECILIA SACHAROW, |
| SHLOMO NAMDAR KAUFMAN, |
| LISA KAUFMAN, |
| RUTH KAUFMAN, AND |
| SETH KAUFMAN, |
| Defendants. |

Defendants, Frank Nalepka and his minor children, S.N. and A.N. (collectively "Nalepka"), by way of Answer to the Complaint say that:

### NATURE OF PROCEEDING

1. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 1 of the Complaint, however to the extent that this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

2. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 2 of the Complaint, however to the extent that this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

3. Nalepka denies each and every allegation contained in paragraph 3 of the Complaint.

4.  Nalepka makes no answer to paragraph 4 of the Complaint and leaves the Plaintiff to his proofs. To the extent that this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

### JURISDICTION AND VENUE

5.  Nalepka makes no answer to paragraph 5 of the Complaint and leaves the Plaintiff to his proofs.

6.  Nalepka makes no answer to paragraph 6 of the Complaint and leaves the Plaintiff to his proofs.

7.  Nalepka makes no answer to paragraph 7 of the Complaint and leaves the Plaintiff to his proofs.

### DEFENDANTS

8.  Nalepka admits that Amy S. Cohen was a partner in Cohen Pooled Asset Account but has neither the information nor knowledge to either affirm or deny the balance of the allegations contained in paragraph 8 of the Complaint.

9.  Nalepka admits that Defendant Cohen Pooled Asset Account was a partnership consisting of multiple investors/partners and that its principal place of business was located at 347 5th Avenue, Suite 1602, New York, New York 10018.

10. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 10 of the Complaint.

11. Nalepka denies each and every allegation contained in paragraph 11 of the Complaint.

12. Nalepka denies each and every allegation contained in paragraph 12 of the Complaint.

13. Nalepka denies each and every allegation contained in paragraph 13 of the Complaint.

14. Nalepka has neither the information nor knowledge to either affirm or deny the first sentence of paragraph 14 of the Complaint and denies the balance of the allegations contained in paragraph 14 of the Complaint.

15. Nalepka denies each and every allegation contained in paragraph 15 of the Complaint.

16. Nalepka denies each and every allegation contained in paragraph 16 of the Complaint.

17. Nalepka denies each and every allegation contained in paragraph 17 of the Complaint.

18. Nalepka denies each and every allegation contained in paragraph 18 of the Complaint.

19. Nalepka denies each and every allegation contained in paragraph 19 of the Complaint.

20. Nalepka denies each and every allegation contained in paragraph 20 of the Complaint.

21. Frank Nalepka admits that he maintains a residence in Mountain Lakes, New Jersey but denies the balance of the allegations contained in paragraph 21 of the Complaint.

22. S.N. admits that he maintains a residence in Mountain Lakes, New Jersey but denies the balance of the allegations contained in paragraph 22 of the Complaint.

23. A.N. admits that she maintains a residence in Mountain Lakes, New Jersey but denies the balance of the allegations contained in paragraph 23 of the Complaint.

24. Nalepka denies each and every allegation contained in paragraph 24 of the Complaint.

25. Nalepka denies each and every allegation contained in paragraph 25 of the Complaint.

26. Nalepka denies each and every allegation contained in paragraph 26 of the Complaint.

27. Nalepka denies each and every allegation contained in paragraph 27 of the Complaint.

28. Nalepka denies each and every allegation contained in paragraph 28 of the Complaint.

29. Nalepka denies each and every allegation contained in paragraph 29 of the Complaint.

30. Nalepka denies each and every allegation contained in paragraph 30 of the Complaint.

31. Nalepka denies each and every allegation contained in paragraph 31 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

32. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 32 of the Complaint.

33. Nalepka admits the allegations contained in paragraph 33 of the Complaint.

34. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 34 of the Complaint.

35. Nalepka makes no answer to paragraph 35 of the Complaint inasmuch as the Order referred to therein speaks for itself.

36. Nalepka makes no answer to paragraph 36 of the Complaint inasmuch as the Order referred to therein speaks for itself.

37. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 37 of the Complaint.

38. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 38 of the Complaint.

39. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 39 of the Complaint. To the extent that this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

40. Nalepka makes no answer to paragraph 40 of the Complaint inasmuch as the Bankruptcy Code sections cited speak for themselves.

41. Nalepka makes no answer to paragraph 41 of the Complaint inasmuch as the Bankruptcy Code sections cited speak for themselves.

42. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 42 of the Complaint except to state that to the extent that the allegations of this paragraph allege any wrongdoing on the part of Nalepka, said allegations are specifically denied.

## THE FRAUDULENT PONZI SCHEME

43. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 43 of the Complaint.

44. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 44 of the Complaint.

45. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 45 of the Complaint.

46. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 46 of the Complaint.

47. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 47 of the Complaint.

48. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 48 of the Complaint.

49. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 49 of the Complaint except to state that to the extent this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

50. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 50 of the Complaint.

51. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 51 of the Complaint except to state that to the extent this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

52. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 52 of the Complaint except to state that to the extent this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

53. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 53 of the Complaint.

54. Nalepka denies each and every allegation contained in the first sentence of paragraph 54 of the Complaint and has neither the information nor knowledge sufficient to either affirm or deny the balance of the allegations contained in paragraph 54 of the Complaint.

55. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 55 of the Complaint.

56. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 56 of the Complaint.

57. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 57 of the Complaint.

58. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 58 of the Complaint.

59. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 59 of the Complaint.

60. Nalepka denies each and every allegation contained in paragraph 60 of the Complaint.

61. Nalepka denies each and every allegation contained in paragraph 61 of the Complaint.

62. Nalepka denies each and every allegation contained in paragraph 62 of the Complaint.

63. Nalepka denies each and every allegation contained in paragraph 63 of the Complaint.

64. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 64 of the Complaint.

### THE TRANSFERS

65. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 65 of the Complaint.

66. Nalepka admits that Cohen Pooled Asset Account sent monies to Madoff for investment purposes however has neither the information nor knowledge to either affirm or deny the balance of the allegations contained in paragraph 66 of the Complaint.

67. Nalepka denies each and every allegation contained in paragraph 67 of the Complaint.

68. Nalepka denies each and every allegation contained in paragraph 68 of the Complaint.

69. Nalepka denies each and every allegation contained in paragraph 69 of the Complaint.

70. Nalepka denies each and every allegation contained in paragraph 70 of the Complaint.

71. Nalepka admits the allegations contained in paragraph 71 of the Complaint, however to the extent that the allegations of this paragraph allege any wrongdoing on the part of Nalepka, said allegations are specifically denied.

72. Nalepka makes no answer to paragraph 72 of the Complaint inasmuch as section of the Bankruptcy Code cited speaks for itself.

73. Nalepka denies each and every allegation contained in paragraph 73 of the Complaint.

74. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 74 of the Complaint, however to the extent that the allegations of this paragraph allege any wrongdoing on the part of Nalepka, said allegations are specifically denied.

## CUSTOMER CLAIMS

75. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 75 of the Complaint.

76. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 76 of the Complaint.

77. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 77 of the Complaint.

78. Nalepka makes no answer to paragraph 78 of the Complaint inasmuch as the Order referenced therein speaks for itself except for the last sentence of this paragraph to which Nalepka has neither the information nor knowledge to either affirm or deny.

## AS TO COUNT ONE

79. Nalepka repeats and re-alleges each and every answer to the previous 78 paragraphs of the Complaint as though set forth more fully herein at length.

80. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 80 of the Complaint.

81. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 81 of the Complaint.

82. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 82 of the Complaint.

83. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 83 of the Complaint.

84. Nalepka denies each and every allegation contained in paragraph 84 of the Complaint.

## AS TO COUNT TWO

85. Nalepka repeats and re-alleges each and every answer to the previous 84 paragraphs of the Complaint as though set forth more fully herein at length.

86. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 86 of the Complaint.'

87. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 87 of the Complaint.

88. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 88 of the Complaint.

89. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 89 of the Complaint.

90. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 90 of the Complaint.

91. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 91 of the Complaint.

92. Nalepka denies each and every allegation contained in paragraph 92 of the Complaint.

93. Nalepka denies each and every allegation contained in paragraph 93 of the Complaint.

## AS TO COUNT THREE

94. Nalepka repeats and re-alleges each and every answer to the previous 93 paragraphs of the Complaint as though set forth more fully herein at length.

95. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 95 of the Complaint.

96. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 96 of the Complaint.

97. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 97 of the Complaint except to state that to the extent this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

98. Nalepka denies each and every allegation contained in paragraph 98 of the Complaint.

## AS TO COUNT FOUR

99. Nalepka repeats and re-alleges each and every answer to the previous 98 paragraphs of the Complaint as though set forth more fully herein at length.

100. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 100 of the Complaint.

101. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 101 of the Complaint.

102. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 102 of the Complaint.

103. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 103 of the Complaint.

104. Nalepka denies each and every allegation contained in paragraph 104 of the Complaint.

## AS TO COUNT FIVE

105. Nalepka repeats and re-alleges each and every answer to the previous 104 paragraphs of the Complaint as though set forth more fully herein at length.

106. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 106 of the Complaint.

107. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 107 of the Complaint.

108. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 108 of the Complaint.

109. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 109 of the Complaint.

110. Nalepka denies each and every allegation contained in paragraph 110 of the Complaint.

## AS TO COUNT SIX

111. Nalepka repeats and re-alleges each and every answer to the previous 110 paragraphs of the Complaint as though set forth more fully herein at length.

112. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 112 of the Complaint.

113. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 113 of the Complaint.

114. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 114 of the Complaint.

115. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 115 of the Complaint.

116. Nalepka denies each and every allegation contained in paragraph 116 of the Complaint.

## AS TO COUNT SEVEN

117. Nalepka repeats and re-alleges each and every answer to the previous 116 paragraphs of the Complaint as though set forth more fully herein at length.

118. Nalepka denies each and every allegation contained in paragraph 118 of the Complaint.

119. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 119 of the Complaint.

120. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 120 of the Complaint.

121. Nalepka has neither the information nor knowledge sufficient to either affirm or deny the allegations contained in paragraph 121 of the Complaint except to state that to the extent this paragraph alleges any wrongdoing on the part of Nalepka, said allegations are specifically denied.

122. Nalepka denies each and every allegation contained in paragraph 122 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

These Defendants (Nalepka) assert the following affirmative and other defenses without conceding in any way that they bear the burden of proof with respect to any of them.

### FIRST DEFENSE

The Madoff Trustee fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Madoff Trustee lacks standing and/or capacity to bring any claims against these Defendants.

### THIRD DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any transfers or payments alleged by the Madoff Trustee to have been made to these Defendants were on account of a debt or debts incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and these Defendants and were made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

### FOURTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent any transfers or payments by BLMIS to or for the benefit of these Defendants, these Defendants gave subsequent

new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security interest and on account of which new value BLMIS did not make an otherwise unavoidable transfer to or for the benefit of these Defendants within the meaning of 11 U.S.C. § 547(c)(4).

## FIFTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent these Defendants took for new value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1).

## SIXTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by laches.

## EIGHTH DEFENSE

The Madoff Trustee's claim are barred by the Doctrines of Waiver, Estoppel, and Unclean Hands.

## NINTH DEFENSE

The Madoff Trustee's claims are barred by the Doctrine of in *pari delicto*.

## TENTH DEFENSE

All claims in the Complaint should be dismissed on the grounds that these Defendants justifiably relied on the activities of governmental and regulatory bodies, such as the Securities

and Exchange Commission and the Securities Investor Protection Corporation, to monitor and oversee the activities of BLMIS.

## ELEVENTH DEFENSE

The Madoff Trustee's claims are barred because these Defendants are entitled to a set-off based on BLMIS's misconduct.

## TWELFTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable these Defendants to receive more than they would have received if BLMIS were in a Chapter 7 proceeding.

## THIRTEENTH DEFENSE

Any amounts received by these Defendants from BLMIS are settlement payments exempt from avoidance under Section 546(e) of the Bankruptcy Code.

## FOURTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts these Defendants received from BLMIS are not property of the estate as such amounts were held by BLMIS in constructive trust or as a bailee for the Defendants.

## FIFTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts these Defendants received from BLMIS satisfy an antecedent debt for which the Trustee is not entitled to avoid and recover.

## SIXTEENTH DEFENSE

The Madoff Trustee's claims are barred by section 548(c) and 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

### SEVENTEENTH DEFENSE

The Madoff Trustee's claims are barred because bringing this action is an abuse of his discretion.

### EIGHTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts these Defendants received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds.

### NINETEENTH DEFENSE

The Madoff Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

### TWENTIETH DEFENSE

The Madoff Trustee's claims are barred because these Defendants always acted in good faith with respect to their investments in, and redemptions from, BLMIS.

### TWENTY-FIRST DEFENSE

These Defendants are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy.

### TWENTY-SECOND DEFENSE

These Defendants adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that said defenses may be shared.

## RESERVATION OF RIGHTS

These Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise, and hereby reserve their right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

These Defendants expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through the Receiver's independent investigation.

## JURY TRIAL DEMANDED

Frank Nalepka, S.N. and A.N. demand a trial by jury for all issues so triable.

WHEREFORE, having fully answered, Frank Nalepka, S.N. and A.N. respectfully request entry of judgment:

a. Against the Madoff Trustee and in favor of Frank Nalepka, S.N. and A.N. on all Counts;

b. Dismissing with prejudice all claims against Frank Nalepka, S.N. and A.N.;

c. Awarding Frank Nalepka, S.N. and A.N. the costs of defending this action, including attorneys' fees, costs and disbursements; and

d. Granting such other and further relief as the Court may deem just and proper.

FEIN, SUCH, KAHN & SHEPARD, P.C.

By: _____
Gregg P. Tabakin, Esq.
*Attorney for Defendants, Frank Nalepka, S.N. and A.N.*
7 Century Drive, Suite 201
Parsippany, New Jersey 07054

Dated: March 10, 2011